**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**MARSHAUN STEWART**                                                                   **PETITIONER**

**VS.**                           **CIVIL ACTION NO. 3:07cv310-WHB-LRA**

**STATE OF MISSISSIPPI AND
STEPHINIA SKIPPER**                                                 **RESPONDENTS**
_____

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Facts and Procedural History

This habeas case is before the undersigned United States Magistrate Judge for report and recommendation upon the Motion to Dismiss [docket entry 14] filed by the State of Mississippi and Stephinia Skipper [hereinafter "Respondents"] on September 11, 2007. Also before the undersigned is the Response to the motion [docket entry 17] filed on September 17, 2007, by Marshaun Stewart [hereinafter "Petitioner"]. Since the filing of this motion, the Respondents have also filed a supplemental record and an Answer to the Petition. For the reasons set forth hereafter, it is the undersigned's opinion that Respondents' motion should be granted and that this cause should be dismissed with prejudice.

Petitioner plead guilty to burglary of an inhabited dwelling[1] and rape in the Circuit Court of Coahoma County, Mississippi, on or about August 17, 1983. He was also convicted by a jury of an additional count of rape in that court. He was subsequently sentenced to a term of twenty-five (25) years on rape, a consecutive sentence of twenty (20) years on his burglary conviction, and a concurrent sentence twenty-five (25) years on his rape conviction by guilty plea, in the custody of the Mississippi Department of Corrections. His conviction and sentence for rape were affirmed by the Mississippi Supreme Court on March 27, 1985. Stewart v. State, 466 So.2d 906 (Miss. 1985).

On June 1, 2007, Stewart filed the instant Petition for Habeas Corpus in this cause,[2] alleging the grounds for relief quoted from the petition below:

> **Ground One**: 47-7-17 MCA (2005), *Hardin v. State*, 547 So.2d 1150 (Miss. 1989), Senate Bill 2294 (1993), *Watson v. Briscoe*, 554 F.2d 650. The parole board violated the petitioner 14 amendment

---

[1] The actual crimes Stewart plead guilty to were rape and burglary of an inhabited dwelling at night while armed with a deadly weapon with the intent to commit rape.

[2] As Respondents point out, and the Court's records confirm, Stewart has previously filed at least four other habeas petitions, including (1) Cause No. 3:00cv605-B-JN challenging the parole board's refusal to grant him parole; (2) Cause No. 4:02cv314-D-B challenging the loss of over 900 days of earned time; (3) Cause No. 2:04cv300-P-A challenging the loss of earned time and alleging the expiration of his sentence; and (4) Cause No. 2:06cv164-P-A alleging the expiration of his sentence.

>   right to Due Process after transferring the petitioner to Green County per order the Board to be evaluated by a psychological to be released on parole, after the psy. Recommended the petitioner release Feb 21st 2006, the parole secretary cover the recommendation up.  And wouldn't allow the Board to consider it according to law.
>
>   **Ground Two:** 47-5-138 MCA (2000).  The petitioner shall be given 180 days back, due to Judge Delaughter order 60 day forfeit of the petitioner earn time in this cause.  On Dec. 11-07-07, MDOC took 180 days.  According to Memorandum from Fed court clerk informing the petitioner MDOC will not take more than 180 days for 3 or more lawsuit.  Dated Feb 14, 2007, in 1998, 180 days was forfeited, in 2002 60 days, 2002 120 days again 2006 180 days.  Over 540 days have been forfeited, according to law 60 x 3 = 180, No more.

Petitioner does not attack his 1985 convictions on the merits.  Instead, he is challenging the fact that he was not granted parole during a March, 2006, parole hearing, and that more than 540 days of earned time have been taken from him by the Mississippi Department of Corrections.

On July 23, 2007, Petitioner filed a post-conviction motion in the Mississippi Supreme Court (Cause No. 2007-M-1248, motion 2007-2020), requesting the same relief as in this habeas cause.  On September 27, 2007, the Mississippi Supreme Court dismissed the application, citing MISS. CODE ANN. Section 99-39-7, and stating that "Stewart has not had an appeal of his conviction affirmed or dismissed by this Court and that the application should have been filed in the trial court."   When Respondents filed the

motion to dismiss in this cause on September 11, 2007, the supreme court had not yet ruled on this motion.  The State supplemented its motion to reflect this ruling by filing a supplemental record and Answer on October 23, 2007.

## Discussion

### Ground One: Was Petitioner Improperly Denied Parole?

Respondents contend that the issue of whether Petitioner was improperly denied parole by the Mississippi Parole Board is not a constitutional claim upon which habeas relief may be granted.  The law supports Respondents' position.  There is no constitutionally protected right to parole in Mississippi.  Scales v. Mississippi State Parole Board, 831 F.2d 565 (5th Cir. 1987).  The Mississippi parole statutes, MISS. CODE ANN. §47-7-3, *et. seq.*, (1972), as amended, confer absolute discretion[3] on the Parole Board and thus do not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach. Id.; Irving v. Thigpen, 732 F.2d 1215, 1217-18 (5th Cir. 1984), *citing* Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982) and Boothe v. Hammock, 605

---

[3] The parole decision is within the Board's discretion since the Board is to order parole "only for the best interest of society . . . when the board believes that [a prisoner] is able and willing to fulfill the obligations of a law-abiding citizen."  Miss. Code Ann. §47-7-17 (1972); Irving v. Thigpen, 732 F.2d 1215 (5th Cir. 1984).

4

F.2d 661, 664 (2d Cir. 1979). Although Petitioner herein makes conclusory allegations that the Parole Board's decision violated his Fourteenth Amendment right to due process, his "supporting facts" do not state a constitutional violation. He alleges that the parole board should not have transferred him to Greene County for a psychiatric examination. Once he was evaluated, the doctor recommended that he be paroled, according to Stewart. The parole board secretary "covered up" this recommendation. Since Stewart has no right to parole, and has alleged no facts which would state an equal protection claim or other deprivation of a cognizable federal right, his petition must fail on its face.

The Mississippi Supreme Court interprets the parole statutes in a like manner. In Mitchell v. State, 561 So.2d 1037, 1039 (Miss. 1990), the court stated that "[t]he granting of parole or denial of parole . . . is the exclusive responsibility of the state parole board, which is independent of the circuit court's sentencing authority." *See also* Davis v. State, 429 So.2d 262, 265 (Miss. 1983) (parole "may be granted or withheld by the state– to be sure, not arbitrarily– as a matter of grace...."), *citing* Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979).

In short, even assuming that the Parole Board did in fact ignore a psychiatric opinion in making its decision on Stewart's parole, as Stewart

contends, and did attempt to conceal that opinion, Petitioner has stated no constitutional claim for relief.

Alternatively, Respondents argue that Ground One has been defaulted in the state courts and this Court is procedurally barred from reviewing the claim on its merits. Stewart filed a motion for post-conviction relief alleging Ground One in the Hinds County Circuit Court, and the court denied relief on November 7, 2006, Cause No. 2006-TS-00921. Stewart filed a "Notice of Appeal" on December 22, 2006, but failed to pay the costs. Accordingly, the supreme court dismissed the appeal by Order filed May 17, 2007.

Under Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001), and Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995), Ground One in the petition should alternatively be dismissed pursuant to the procedural bar. A return to the state courts would be futile under Mississippi law. When it obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones*, 61 F.3d at 416, citing Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).

In the undersigned's opinion, Ground One does not state a constitutional claim, and it should be dismissed on its merits. Alternatively, the ground should be dismissed on the basis that it has been defaulted in the state courts.

## Ground Two: Did MDOC's Deduction of Petitioner's Earned Time Violate the United States Constitution?

In Ground Two, Stewart challenges the fact that the Mississippi Department of Corrections (MDOC) has deducted more than 180 days of earned time from him due to Judge DeLaughter's order finding that he filed frivolous suits. It is actually difficult to decipher from his pleadings which forfeited time that Stewart challenges. However, as the Respondents point out, the other losses which occurred prior to November 7, 2006, have already been litigated in federal court. *See* Cause Nos. 4:03cv314-D-B, 2:06cv164-P-A. Another attempt to challenge these forfeitures would be futile. Accordingly, giving Stewart the benefit of the doubt, we shall interpret this claim as challenging that time forfeited since November 7, 2006.

The earned time forfeitures were primarily due to Stewart filing lawsuits which were later dismissed as frivolous. Under MISS. CODE ANN. §47-5-138 (Supp. 2007), MDOC may take away an inmate's earned time under certain guidelines and amounts if lawsuits are dismissed as frivolous or malicious. According to Stewart, no more than 180 days may be forfeited; Respondents challenge this interpretation.[4]

---

[4]Respondents contend that MDOC will deduct 180 days of earned time for "each such law suit that is filed hereafter." Answer, p. 8, note 6. They do not explain how MISS. CODE ANN. §47-5-138 may be interpreted

According to Respondents, Petitioner filed a petition for post-conviction relief ["PCR"] on July 23, 2007, regarding the same issues as contained in Ground Two in this cause; the supreme court dismissed that motion on September 27, 2007, after the Respondents' motion to dismiss was filed in the instant case. <u>Marshaun Stewart v. State of Mississippi</u>, Cause No. 2007—01248. According to Stewart, that PCR was not based on the same grounds as those contained in Ground Two of the federal habeas petition filed in this cause. Respondents state in the Answer that they have no reason to dispute Stewart's contention, as the claims should be dismissed because they have been defaulted. See Answer, p. 10, n. 7.

We have examined the PCR and find that the claims set forth therein are substantively the same as those contained in Ground Two of this federal petition. Although the PCR mentions time forfeited in 1998, it also contains the same argument regarding the interpretation of MISS. CODE ANN. §47-5-138. Stewart contends that MDOC is limited to taking a total of 180 earned time days from him due to frivolous or malicious lawsuits. This issue should have been addressed by the state courts, but Stewart has procedurally defaulted the claim in the state courts. The actual dates that were forfeited

---

to allow this deduction.

may be different in this case, but the legal issue is substantively identical: how §47-5-138 should be interpreted.

The Petition was filed pursuant to 28 U.S.C. § 2254, or the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"].  The exhaustion requirement is a mandatory prerequisite to federal habeas relief.  The statute provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>         \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Stewart must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  O'Sullivan, 526 U.S. at 845; Mercadel v. Cain, 179 F.3d 271,

275 (5th Cir. 1999); and Carter v. Estelle, 677 F.2d 427, 442 n.10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982). Therefore, a habeas petitioner who has failed to exhaust all of his post-conviction remedies in the state courts has asserted no cognizable right to federal habeas relief under Section 2254. *See* Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

In this case, Stewart should have pursued relief through the Mississippi Department of Correction's Administrative Remedy Program to challenge his loss of earned time since November 7, 2006. MISS. CODE ANN. Section 47-5-803(2) provides that no state court shall entertain an offender's complaint which falls under the administrative review procedure unless and until such offender shall have exhausted the remedies in that procedure. *See also* Murphy v. State, 800 So.2d 525, 527-28 (Miss. 2001) (holding that a post-conviction relief pleading is not the proper means to calculate and receive credit prior to pursuing an administrative remedy). Stewart failed to properly avail himself of the administrative remedy regarding the time lost on November 7, 2006. *See* Answer, pp. 11-12. Because of this, he has defaulted his right to have his claim considered by the state's highest court.

When "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless "judicial ping-pong' and hold the claim procedurally barred from habeas review." Sones v. Hargett,

10

61 F.3d 410, 416 (5th Cir. 1995), *quoting* Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).  *See also* Magouirk v. Phillips, 144 F.3d 348, 360 (5th Cir. 1998) (an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal habeas review); Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.")  In our opinion, Sones requires this Court to dismiss the petition without reviewing Stewart's claims.

This position is further buttressed by the decision of the United States Supreme Court in O'Sullivan v. Boerckel, 526 U.S. 838 (1999), which held that an Illinois petitioner must exhaust even the discretionary avenues of review before proceeding to federal court.  The Court concluded that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the States' established appellate review process."  Id. at 845.  Absent exceptional circumstances, this Court cannot now consider the merits of the claims.  *See* Teague v. Lane, 489 U.S. 288 (1989); Engle v. Issac, 456 U.S. 107, 124-29 (1982).

11

In <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991), the United States Supreme Court addressed the exceptional circumstances required in order for the federal courts to excuse a state defaulted claim. According to the Court, a prisoner must demonstrate *cause for the default* and *actual prejudice* as a result of the alleged violation of federal law. *Id.* at 730. Alternatively, he must demonstrate that failure to consider the claims will result in a "fundamental miscarriage of justice." *Id.* Stewart has failed to articulate any circumstances which would sustain a finding of cause and prejudice.

Lastly, the Court finds that the failure of it to consider Stewart's claims will not result in the "fundamental miscarriage of justice" under <u>Coleman</u>. A miscarriage of justice in this context means that the petitioner is actually innocent of the crime for which he was convicted. <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339-40 (1992); <u>Finley v. Johnson</u>, 243 F.3d 215, 220 (5th Cir. 2001). Stewart has only challenged the loss of his earned time, not the guilty verdict.

Alternatively, under 18 U.S.C. §2254 (b)(2) of AEDPA, this Court may deny claims on the merits, notwithstanding the failure of the petitioner to exhaust his state remedies. We find that both grounds 1 and 2 do not rise to the level of constitutional violations and should be dismissed on the merits.

In ground two, Stewart challenges the interpretation of MISS. CODE ANN. Section 47-5-76, the Mississippi statute giving MDOC the right to forfeit an inmate's earned time due to filing frivolous lawsuits. Section 47-5-76 provides in part as follows:

> (1) The department may promulgate rules and regulations to carry out an earned time allowance program based on the good conduct and performance of an inmate. An inmate is eligible to receive an earned time allowance of one-half (½/) of the period of confinement imposed by the court except those inmates excluded by law. When an inmate is committed to the custody of the department, the department shall determine a conditional earned time release date by subtracting the earned time allowance from an inmate's term of sentence. This subsection does not apply to any sentence imposed after June 30, 1995.
>
> (2) An inmate may forfeit all or part of his earned time allowance for a serious violation of rules. No forfeiture of the earned time allowance shall be effective except upon approval of the commissioner or his designee, and forfeited earned time may not be restored.
>
> (3) (a) For the purposes of this subsection, "final order" means an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted.
>
> (b) On receipt of a final order, the department shall forfeit:
>
>> (I) Sixty (60) days of an inmate's accrued earned time if the department has received one (1) final order as defined herein;
>> (ii) One hundred twenty (120) days of an inmate's accrued earned time if the department has received two (2) final orders as defined herein;

> (iii) One hundred eighty (180) days of an inmate's accrued earned time if the department has received three (3) or more final orders as defined herein.
>
> (C) The department may not restore earned time forfeited under this subsection.

Stewart's contention is that MDOC has taken more than 180 days of earned time from him. He asserts that **no more** than 180 days may be taken under this Mississippi earned time statute. Stewart attaches memorandum from the Pro Se Law Clerk's office for the Northern District of Mississippi as authority for his position, as well as a "Notice and Warning" from Arlen B. Coyle, Clerk of Court in the Northern District.

This issue is clearly a matter of state law, and memos from court staff are certainly not controlling. "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Engles v. Issac, 456 U.S. 107, 188 (1981). The courts have "long recognized that a 'mere error of state law' is not a denial of due process. If the contrary were true, then 'every erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question.'" Id. at 121 n.21. A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved. Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981). "Mere errors of state law are not the

concern of this Court … unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." <u>Wainwright v. Goode</u>, 464 U.S. 78 (1993). How earned time is calculated or taken away is a matter of the State's interpretation of this statute.

Further, federal courts "are without authority to correct simple misapplications of state criminal law or procedure. The federal habeas court 'may intervene only to correct wrongs of [federal] constitutional dimension.'" <u>Lavernia v. Lynaugh</u>, 845 F.2d 493, 496 (5th Cir. 1988); <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982). In this case, the State of Mississippi has interpreted this statute as it sees fit, apparently having Stewart forfeit over 180 days of earned time. There is no constitutional issue involved, and no habeas relief may be granted on this basis. Stewart does not set forth any purported procedural due process violations, and interpreting this statute is not appropriate in this federal habeas cause.

In the undersigned's opinion, Ground Two has been procedurally defaulted and may be dismissed on that basis. Alternatively, it should be denied on the merits.

### Conclusion

For these reasons stated hereinabove, the undersigned recommends that the Petition for Habeas Corpus filed by Marshaun Stewart, should be be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, <u>Douglass v. United Services Auto. Ass'n.</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 8th day of January, 2008.

S/ Linda Randle Anderson<br>
UNITED STATES MAGISTRATE JUDGE