```
      IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                 JACKSON DIVISION
```

**MARSHAUN STEWART**                                                    **PETITIONER**

**VS.**                                    **CIVIL ACTION NO. 3:07-cv-310-WHB-LRA**

**STATE OF MISSISSIPPI and**
**STEPHINIA SKIPPER**                                                   **RESPONDENTS**


### OPINION AND ORDER

This cause is before the Court on the Objection of Petitioner, Marshaun Stewart ("Stewart"), to the Report and Recommendation ("R & R") entered by Magistrate Judge Linda R. Anderson on January 8, 2008. As Stewart is proceeding *pro se* in this case, the allegations in his pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The Court has considered the R & R, Petitioner's Objection to the R & R,[1] attachments to the pleadings, the record in the case,[2] as well as supporting and opposing authorities, and finds that the Objection is not well taken and should be denied.


### I.  Discussion

In 1983, Stewart pleaded guilty in the Circuit Court of Coahoma County, Mississippi, to charges of rape and burglary of an

---

[1] Respondents indicate they do not intend to file a formal response to Petitioner's Objection. See Notice [Docket No. 30].

[2] As the Court has reviewed all of the pleadings in this case, it will grant Stewart's Motions to Supplement the Record.

inhabited dwelling at night while armed with a deadly weapon with the intent to commit rape.  Stewart was also convicted of an additional charge of rape in the same court.  Thereafter, Stewart was sentenced to a twenty-five-year term of imprisonment on the rape conviction, a consecutive twenty-year term of imprisonment on the burglary plea, and a concurrent twenty-five-year term of imprisonment on the rape plea.  Stewart's conviction and sentence were affirmed on appeal by the Mississippi Supreme Court.  See Stewart v. Mississippi, 466 So. 2d 906 (Miss. 1985).

On June 1, 2007, Stewart filed the subject Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition").[3]  In the subject Petition, Stewart does not challenge his conviction or sentence, but instead challenges whether he should have been granted parole and/or whether he is entitled to an earlier release date.  Specifically, Stewart argues that his Fourteenth Amendment right to due process was violated when he was denied parole because a secretary allegedly "covered

---

[3] Stewart has previously filed at least four other petitions seeking habeas relief in the federal courts.  See Stewart v. Epps, Civil Action No. 2:06-cv-164 (N.D. Miss.) (alleging that he was being held in state custody beyond the expiration of his sentence); Stewart v. Epps, Civil Action No. 2:04-cv-300 (N.D. Miss.) (challenging the loss of earned time credit and alleging that he was being held in state custody beyond the expiration of his sentence); Stewart v. Bond, Civil Action No. 4:03-cv-314 (N.D. Miss.) (challenging the loss of 900 days of earned time credit); Stewart v. Moore, Civil Action No. 3:00-cv-605 (S.D. Miss.) (challenging the decision of the Parole Board to deny parole).

up" (thus preventing the Parole Board from considering) the results of a psychological evaluation that recommended his release. See Petition, Ground One.  Stewart also argues that his rights have been violated because the Mississippi Department of Corrections ("MDOC") has, beginning in 1998, revoked at least 540 days of earned time credit as a result of his having filed multiple allegedly frivolous lawsuits. Id., Ground Two.  On September 11, 2007, Respondents filed a Motion to Dismiss Stewart's Petition.

The Petition and Motion to Dismiss were considered by United States Magistrate Judge Linda R. Anderson who, on January 8, 2008, entered a R & R recommending that Stewart's Petition be dismissed, with prejudice.  In support of her recommendation, Judge Anderson found that Stewart was not entitled to habeas corpus relief on his claim that he was denied parole first because there is no constitutionally protected right to parole in Mississippi. See R & R [Docket No. 25] at 4-6 (citing Scales v. Mississippi State Parole Bd., 831 F.2d 565, 566 (5th Cir. 1987) (finding that the absolute discretion conferred on the Mississippi Parole Board "affords a prisoner no constitutionally recognized liberty interest."); Irving v. Thigpen, 732 F.2d 1215, 1217-18 (5th Cir. 1984)).  Second, Judge Anderson found that Stewart had defaulted this claim by failing to perfect the appeal on his motion for post-conviction relief in the state courts. See R & R, at 4-6 (citing Finely v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001); Sones v.

Hargett, 61 F.3d 410, 416 (5th Cir. 1995) (finding that when "state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.")).

In her R & R, Judge Anderson likewise found that Stewart was not entitled to habeas corpus relief on his claim that the MDOC improperly reduced his earned time credit first because he defaulted this claim by failing to timely pursue relief through the MDOC Administrative Remedy Program.[4]  See R & R, at 8-12.  Second, Judge Anderson found that as Stewart's loss of earned time credit claim challenged the manner in which the State of Mississippi interpreted its own laws, specifically Mississippi Code Annotated Section 47-5-76, it did not raise a constitutional question for the purpose of granting habeas corpus relief.  See R & R, at 13-15 (citing Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981)).  Stewart timely objected to Judge Anderson's R & R.

A district judge has authority to review a magistrate judge's R & R regarding prisoner petitions, and is required to make a *de novo* determination of any portion of a R & R to which a specific written objection has been made.  See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).  Thereafter, the district judge may accept, reject,

---

[4] Judge Anderson found that as Stewart had previously filed two lawsuits challenging the prior loss of earned time credits, he could only challenge the loss of earned time credits that occurred after November 7, 2006.  See R & R, at 7.


or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions. Id.

In his Objection to the R & R, Stewart first claims that Judge Anderson applied the incorrect standard of review. After reviewing the case law cited in the R & R, and after considering the facts in this case, the Court finds that Judge Anderson applied the correct legal standards. Accordingly, the Court overrules this objection to the R & R.

Stewart's next objection is that Judge Anderson erred in finding that he had not exhausted his administrative or state court remedies with regard to his loss of earned time credit claim. The record, however, clearly shows that Stewart did not timely file an ARP with the MDOC regarding the loss of earn time credit in 2006. See Resp. to Petition [Docket No. 19], Exs. C and D. As such the Court agrees with Judge Anderson's finding that Stewart has defaulted on this claim. Accordingly, the Court overrules this objection to the R & R.

In the remainder of his Objection, Stewart requests that the Court re-weigh the evidence presented to, and considered by Judge Anderson. Having reviewed the allegations and arguments in Stewart's pleadings, as well as the evidence in the record before it, the Court finds that Judge Anderson's R & R should be accepted and, therefore, will be adopted by this Court.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 25] is hereby accepted and adopted.

IT IS FURTHER ORDERED that Petitioner's Motions to Supplement the Record [Docket Nos. 13 and 20] are hereby granted.

IT IS FURTHER ORDERED that Petitioner's Objection to Magistrate Judge's Report and Recommendation [Docket No. 27] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Respondents to Dismiss [Docket No. 14] is hereby granted.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 25th day of February, 2008.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE