```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**MARSHAUN STEWART**                                              **PETITIONER**

VS.                               CIVIL ACTION NO. 3:07-cv-310-WHB-LRA

**STATE OF MISSISSIPPI and**
**STEPHINIA SKIPPER**                                            **RESPONDENTS**

### OPINION AND ORDER

This cause is before the Court on the Motion of Marshaun Stewart ("Stewart") for Reconsideration. As Stewart is proceeding *pro se*, his pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Stewart filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition") on June 1, 2007. In his Petition, Stewart argued that his Fourteenth Amendment right to due process was violated when he was denied parole because a secretary allegedly "covered up" (thus preventing the Parole Board from considering) the results of a psychological evaluation that recommended his release. Stewart also argued that his rights were violated because the Mississippi Department of Corrections ("MDOC") had, beginning in 1998, revoked at least 540 days of earned time credit as a result of his having filed multiple allegedly frivolous lawsuits.

The pleadings in this case were considered by United States Magistrate Judge Linda R. Anderson who, on January 8, 2008, entered

a R & R recommending that Stewart's Petition be dismissed with prejudice.  In support of her recommendation, Judge Anderson found that Stewart was not entitled to habeas corpus relief on his denial of parole claim because there is no constitutionally protected right to parole in Mississippi.  See R & R [Docket No. 25] at 4-6 (citing Scales v. Mississippi State Parole Bd., 831 F.2d 565, 566 (5th Cir. 1987)).  Second, Judge Anderson found that Stewart had defaulted this claim by failing to perfect the appeal on his motion for post-conviction relief in the state courts.  See R & R, at 4-6 (citing Finely v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001)).

In her R & R, Judge Anderson also found that Stewart was not entitled to habeas corpus relief on his claim that the MDOC improperly reduced his earned time credit, first because he defaulted this claim by failing to timely pursue administrative remedies.  See R & R, at 8-12.  Second, Judge Anderson found that as Stewart's loss of earned time credit claim challenged the manner in which the State of Mississippi interpreted its own laws, specifically Mississippi Code Annotated Section 47-5-76, it did not raise a constitutional question for the purpose of granting habeas corpus relief.  See R & R, at 13-15 (citing Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981)).

On February 25, 2008, this Court adopted Judge Anderson's R & R over Stewart's objection, and entered a Final Judgment dismissing Stewart's Petition.  Stewart has now moved for reconsideration of the Order by which his case was dismissed.

2

Stewart's Motion for Reconsideration, because it was filed more than ten days after the date on which his Petition was dismissed, is treated as a motion to vacate under Rule 60(b) of the Federal Rules of Civil Procedure.  See Shepard v. International Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004) ("If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.").  Under Rule 60(b):

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)  the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

In support of his Motion, Stewart argues that the Court should reconsider the dismissal of his Petition because the Court did not consider all of the relevant documents pertaining to the claims he submitted through the Administrative Remedy Program ("A.R.P."). The Court finds this argument is without merit.

First, the record shows that Stewart filed an Offender's Relief Request Form regarding the decision made by the Parole Board on or about March 27, 2006. The Request was rejected on April 12, 2006, on the basis that the A.P.R. did not have jurisdiction over Parole Board matters. Thereafter, Stewart filed a post-conviction motion challenging the decision of the Parole Board, which was denied by Hinds County Circuit Judge Bobby DeLaughter on November 7, 2006. Stewart's Motion for Reconsideration of that Order was denied on December 1, 2006. Stewart appealed both of Judge DeLaughter's decisions to the Mississippi appellate courts. See Stewart v. State, Cause No. 2006-M-921. The appeal was ultimately dismissed on May 17, 2007, because Stewart did not pay the required filing fee or file a motion seeking to proceed *in forma pauperis* with the circuit court.

The United States Court of Appeals for the Fifth Circuit has recognized that to satisfy the exhaustion requirement of 28 U.S.C. § 2254, a claimant "must fairly apprise the highest court of his state of the federal rights which were allegedly violated" and "must present his claims in a procedurally correct manner." Deters v. Collins, 985 F.3d 789, 795 (5th Cir. 1993) (citations omitted). Here, because Stewart's appeal was dismissed on a procedural default (specifically he did not pay the requisite appellate filing fee or obtain permission to proceed *in forma pauperis* on appeal), he has failed to satisfy the exhaustion requirement with regard to

4

his claim challenging the decision of the Parole Board.  See id. (finding that a Section 2254 claimant will be deemed to have failed to satisfy the exhaustion requirement if he has bypassed the appellate processes of the state through a procedural default or otherwise).[1]  Accordingly, the Court finds that Stewart defaulted his claim challenging the decision of the Parole Board by failing to perfect the appeal on his motion for post-conviction relief in the state courts.

As regards his reduction in earned time credit claim, the record shows that Stewart has filed multiple A.P.R. Forms challenging the number of days of earned time credit revoked by the MDOC.  Relevant to this case, on or about January 5, 2007, Stewart filed an Offender's Relief Request Form claiming that his time sheet was incorrect because too much earned time credit had been deducted.  On May 8, 2007, Christopher Epps completed the final "Third Step Response Form", and informed Stewart that his time sheets were properly calculated.  On or about July 23, 2007, Stewart filed an Application for Leave to Proceed in the Trial Court with the Mississippi Supreme Court.  See Stewart v. State, Cause No. 2007-M-1248.  This Application was denied on September

---

[1] An applicant who has bypassed the appellate process may satisfy the exhaustion requirement by demonstrating "cause and prejudice" or showing that the failure to consider his claims will "result in a fundamental miscarriage of justice."  Deters, 985 F.3d at 795 (citations omitted).  The Court finds that Stewart has not made either showing.

5

27, 2007, upon a finding that it should have been filed in the trial court.  There is nothing in the record to show that Stewart filed an Application or a motion seeking post-conviction relief in the trial court as directed by the Supreme Court.  Accordingly, the Court finds that Stewart defaulted his claim challenging the reduction in his earned time credit by failing to seek judicial review of Commissioner Epp's decision in the state courts.

Finally, the record shows that Stewart filed another claim under the A.R.P. challenging his loss of earned time credit on September 27, 2007.  This claim was rejected because there had been a time lapse of more than 30 days between the date of the alleged event and the date on which the complaint was filed.  There is nothing in the record to show that Stewart has taken any additional administrative action with regard to this claim.  Accordingly, the Court finds that Stewart has not satisfied the exhaustion requirements with regard to his earned time credit claim.

In sum, the record shows that Stewart failed to exhaust his administrative remedies and/or seek judicial review of his challenges regarding the decision of the Parole Board or the reduction in earned time credit.  Accordingly, the Court finds the Final Judgment by which Stewart's 2254 Petition was dismissed should not be vacated under Rule 60(b) of the Federal Rules of Civil Procedure.

Next, Stewart argues that the Court should reconsider the dismissal of his Petition because he was not required to exhaust administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2254. The Court finds this argument is without merit as both the United States Supreme Court and the Fifth Circuit have held that a petitioner must satisfy the exhaustion requirement by presenting his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims before seeking habeas corpus relief under 28 U.S.C. § 2254. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

## Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration [Docket No. 36] is hereby denied.

SO ORDERED this the 21st day of April, 2008.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

7